## Erastus Davis *versus* Edmund J. Mills.

Where a mortgage deed of personal property sets forth, that the mortgage is made to secure the payment of a promissory note on which the mortgagee is surety for the mortgager, proof of the execution and registry of such mortgage is *primâ facie* evidence of title to the property in the mortgagee, without the production of the note, such note not being presumed to be in his possession ; and the burden of proof is on the party contesting the title of the mortgagee, to show that there was no such note.

REPLEVIN. On a case stated it appeared, that the action was brought to recover certain articles of household furniture mortgaged to the plaintiff by Reuben Waters junior, on August 5th, 1834, to secure the payment of a note described in the condition of the mortgage, as " a certain note of hand bearing date on or about the first day of February last past, on which the said Reuben Waters junior is principal and the said Erastus Davis, [the plaintiff] surety, jointly and severally promising " Samuel Taylor, " to pay him or order the sum of five hundred dollars in the time therein specified ; " that this mortgage was under seal, and was duly recorded ; and that subsequently the property mortgaged was attached by the defendant, a deputy sheriff, as the property of Waters.

The plaintiff produced in evidence, as the note referred t in the condition of the mortgage, a note for the sum of $ 500, dated January 25th, 1834, signed by the plaintiff alone, payable to Waters or his order on demand with interest, and indorsed by him. Waters testified that this note was signed by the plaintiff, to enable the witness to obtain cash for it of Taylor ; that the witness received the money of Taylor, accordingly, and afterwards mortgaged the property in question to the plaintiff to secure him against his liability on such note ; that the mortgage was made while the note was in Taylor's hands, and the note was described from recollection ; that there never was any other note given by the plaintiff, either as principal or surety, for the witness and negotiated to Taylor ; and that such note had been paid out of the proper estate of the plaintiff.

If the Court should be of opinion, that this evidence was admissible, and that it sustained the action for the plaintiff, the

defendant was to be defaulted ; otherwise the plaintiff was to become nonsuit, and the defendant to have his writ of return, with nominal damages.

Davis
*v.*
Mills.

*Barton*, for the plaintiff.

*C. Allen* and *Clarke*, for the defendant.

SHAW C. J. delivered the opinion of the Court. In an action of replevin, by one claiming as mortgagee of personal property, against an officer, who has attached it as the property of a former owner, the defendant denies that the plaintiff has any title under his mortgage, on the ground of the supposed misdescription of the note referred to. But we think the defendant has mistaken the position in which he stands, in reference to this mortgage.

Proof of the execution and registry of the mortgage, is *primâ facie* evidence of title in the plaintiff. It is a defeasible title, but good till avoided by performance of the condition, and it is for the defendant, if he can, to show it avoided, by proving performance. The plaintiff has no occasion to produce or prove the note, because he does not hold it, it is not presumed to be in his possession, and the condition is to indemnify him against the payment of a note, on which he was surety for the mortgager, and held by a third person. It is then for the defendant to avoid the title made under this mortgage, and to show, that the note had been paid, or the plaintiff released, or that for some cause the plaintiff could not be damnified. To do this, he must offer and rely upon the parol proof stated in the case. If admitted, it proves that there was no other note, than the one described as held by Taylor, and that that was the note intended in the mortgage ; if rejected, it would leave the *primâ facie* title upon the mortgage, unimpeached ; and on either ground the plaintiff is entitled to recover